# 14CV1345

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------)
JULIO MONTANO, Plaintiff,      )
                               )
        v.                     )    Civ. Action No._____
                               )
C. ENWEREUZOR, Correction      )
Officer, in his individual     )
capacity, Defendant.           )
------------------------------)

PRO SE

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR THE APPOINTMENT OF COUNSEL
======================================

This memorandum of law is respectfully submitted in support of Plaintiff's application for the appointment of counsel.

## Statement of the Case

This is a civil action filed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), by a federal prisoner asserting claims for unconstitutional use of force and state law torts of assault and battery.  Plaintiff seeks damages and declaratory relief.

## Statement of Facts

The Complaint alleges that Plaintiff, who was then 62 years old and suffered from a number of medical problems and general frailty due to his advanced age, was thrown to the floor by Defendant on his back without need or provocation, causing injuries to Plaintiff's lower back and hip.

## ARGUMENT

### The Court should appoint counsel for Plaintiff

In deciding whether to appoint counsel for an indigent litigant, the Court

should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted). In addition, courts have suggested that the most important factor is whether the case appears to have merit. Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Each of these issues weighs in favor of appointment of counsel in this case.

1. Factual Complexity. Plaintiff alleges that a correction officer, without need or provocation, threw him to the floor on his back, and that when two other officers rushed to help Plaintiff, the officer (Defendant) yelled at them to not help and then left him lying on the floor injured and in pain when the other two officers left. He also asserts that when the two officers came back a few minutes later, they intervened on Plaintiff's behalf with medical staff and higher-ranking officers, and that Plaintiff was then called out the next day to file an injury report as part of an investigation. The sheer number of claims and witnesses make this a factually complex case.

In addition, because Plaintiff's claims assert physical injury to his back and hip, it will probably be necessary to call a medical expert witness or to cross-examine medical witnesses called by the defendant, or both. The presence of medical or other issues requiring expert testimony supports the appointment of counsel. Montgomery v. Pinchak, 294 F.3d 492, 503-04 (3d Cir. 2002); Moore v. Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992).

2. Plaintiff's ability to investigate. Plaintiff has little ability to investigate the facts. He is unable to identify, locate, and interview the other inmate who witnessed the misuse of force, because that inmate has been

released. In addition, this case will require considerable discovery about the identity of witnesses, the officers' reports and statements about the incident, any prior misuse of force by Defendant, surveillance footage, and Plaintiff's medical history. See Parham v. Johnson, 126 F.3d 454, 459 (3d Cir. 1997)(holding counsel should have been appointed because "prisoner's lack of legal experience and the complex discovery rules clearly put him at a disadvantage in countering the defendant's discovery tactics ... these rules prevented [the Plaintiff] from resenting an effective case below.").

3. Conflicting testimony. Plaintiff's account of his assault by the defendant is likely to be squarely in conflict with Defendant's account, as is argument over whether use of force was justified. These aspects of the case will involve a credibility contest between Plaintiff and Defendant and such inmate and officer witnesses as can be located. The existence of these credibility issues supports the appointment of counsel. Gatson v. Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988); Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

4. Ability of the indigent to present his claim. Plaintiff is an indigent prisoner with no legal training, a factor which supports appointment of counsel. To date, Plaintiff has received assistance from another inmate to present his claim to the BOP and to this Court, but that inmate could be transferred at any time and, in any event, is scheduled to be released before summer, after which Plaintiff will not have even inmate assistance. See Forbes v. Edgar, 112 F.3d 262, 264 (7th Cir. 1997).

5. Legal complexity. The number of officers involved, some of whom are supervisory officials, presents complex legal issues. Hendricks v. Coughlin, 114 F.3d 390, 394 (2d Cir. 1997)(complexity of supervisory liability issues supported appointment of counsel). Also, because staff at MCC misinterpreted

BOP regulations and refused to provide necessary forms for Plaintiff to complete the ordinary process of exhausting administrative remedies, issues such as whether Plaintiff has properly exhausted or Defendant is estopped from asserting any non-exhaustion defense may present themselves. These will present complex legal questions and disputed facts. In addition, Plaintiff has asked for a jury trial, which requires much greater legal skill than the plaintiff has or can develop. Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008) (prisoner with no legal training is "ill-suited" to conduct a jury trial).

6. Merit of the case. Plaintiff's allegations, if proved, clearly will establish a constitutional violation. A completely unnecessary and unprovoked use of force, in the form of throwing a frail and elderly inmate to the floor on his back and then abandoning him to suffer, which is what is alleged in the complaint, clearly states an Eighth Amendment violation and the state law torts of assault and battery under the law of the State of New York. See Hudson v. McMillian, 503 U.S. 1 (1992); Romaine v. Rawson, 140 F.Supp.2d 204, 211-12 (N.D.N.Y. 2001)(slapping a prisoner violated 8th Amendment where there was no need for any force); Windsor v. Leek, 790 F.Supp. 1403, 1407 (N.D. Ill. 1992)(knocking a disabled individual to the floor causing pain supports Eighth Amendment claim). On its face, this is a meritorious case.


## Conclusion

For the foregoing reasons, this Court should grant Plaintiff's motion and appoint counsel in this case.

Respectfully submitted,

Date: 02-13-2014

JULIO MONTANO, Pro Se
Register No. 39862-069
Metropolitan Corr. Center
150 Park Row
New York, NY 10007

4