USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/4/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JULIO MONTANO,

               Plaintiff,

-against-

C. ENWEREUZOR,

               Defendant.

14-CV-1345 (JGK)

MEMORANDUM OPINION AND
ORDER OF SERVICE

JOHN G. KOELTL, United States District Judge:

Plaintiff, currently incarcerated at the Metropolitan Correctional Center, brings this *pro se* action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), alleging that Defendant subjected him to excessive force. By order dated March 11, 2014, the Court granted Plaintiff's request to proceed *in forma pauperis*.

## STANDARD OF REVIEW

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). During this screening, the Court must dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). While the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

*A. Application for the Court to Request Pro Bono Counsel*

Plaintiff has filed an application for the court to request *pro bono* counsel. The factors to be considered in ruling on a motion for appointment of counsel include the merits of the case, Plaintiff's ability to pay for private counsel, Plaintiff's efforts to obtain a lawyer, the availability of counsel, and Plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Of these, the merits are "[t]he factor which command[s] the most attention." *Id.* Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

*B. Service on Defendant Enwereuzor*

To allow Plaintiff, who is proceeding *in forma pauperis*, to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to send Plaintiff one U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for the Defendant. Within thirty days of the date of this order, Plaintiff must complete a USM-285 form for the Defendant and return the forms to the Court.

If Plaintiff does not wish to use the Marshals Service to effect service, Plaintiff must notify the Court in writing within thirty days of the date of this order and request that a summons be issued directly to Plaintiff. If within thirty days, Plaintiff has not returned the USM-285 forms or requested a summons, under Rule 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.

Upon receipt of the completed USM-285 forms, the Clerk of Court shall issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon each Defendant.

No matter what method of service Plaintiff chooses, Plaintiff must effect service within 120 days of the date the summons is issued. It is Plaintiff's responsibility to inquire of the Marshals Service as to whether service has been made and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir.), *cert. denied*, 133 S. Ct. 655 (2012). If within 120 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Finally, it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

Plaintiff's application for the court to request *pro bono* counsel is denied without prejudice. The Clerk of Court is directed to terminate the motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) (appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 3, 2014
New York, New York

JOHN G. KOELTL
United States District Judge

3