PREET BHARARA
United States Attorney for the
Southern District of New York
By: JACOB BERGMAN
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel: (212) 637-2776
Fax: (212) 637-2686
Email: jacob.bergman@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

JULIO MONTANO,

    Plaintiff,

        v.

C. ENWEREUZOR, Correction Officer, in his individual capacity,

    Defendant.

14 Civ. 1345 (JGK)

**ANSWER**

---

Defendant Chikere Ewereuzor ("Defendant"), by and through his attorney, Preet Bharara, United States Attorney for the Southern District of New York, answers the complaint (the "Complaint") of plaintiff Julio Montano ("Plaintiff") on information and belief as follows:

**INTRODUCTION**

1. Paragraph 1 sets forth Plaintiff's characterization of this action and legal conclusions, to which no response is required. To the extent that any of the allegations may be deemed factual, Defendant denies the allegations in Paragraph 1.

## JURISDICTION

2. Paragraph 2 sets forth legal conclusions regarding jurisdiction, to which no response is required.

## PARTIES

3. Defendant admits the allegations in paragraph 3.

4. Defendant denies knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 4, but avers that Defendant is a Senior Officer and has been employed at MCC New York since June 2009. The second sentence of paragraph 4 is a legal conclusion to which no response is required.

5. Paragraph 5 sets forth legal conclusions to which no response is required. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 5.

## FACTS

6. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 6.

7. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 10.

11. Defendant admits the allegations in paragraph 11.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 12.

13. Defendant admits the allegations in paragraph 13.

14. Defendant admits the allegations in paragraph 14.

15. Defendant admits the allegations in the first and second sentences of paragraph 15. Defendant denies the accuracy of the layout as depicted in the diagram attached as Exhibit 1.

16. Defendant admits the allegations in paragraph 16.

17. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 17.

18. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 19.

20. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 20.

21. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22, but avers that on December 23, 2013, Defendant contacted the Internal Officer, pat-searched Plaintiff and another inmate, allowed them into the "sallyport," and then returned to the housing unit.

23. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 27.

28. Defendant denies the allegations in paragraph 28.

29. Defendant denies the allegations in paragraph 29.

30. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 39.

40. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 40.

41. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 43.

44. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 44, except Defendant denies that he was required to fill out a Use of Force incident report.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 45.

46. Defendant denies knowledge or information sufficient to form a belief as to the allegations in the first sentence of paragraph 46. Defendant denies the allegations in the second sentence of paragraph 46.

47. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 47.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

48. Paragraph 48 consists of legal conclusions to which no response is required. To the extent that any of the allegations may be deemed factual, Defendant admits that Plaintiff failed to exhaust his administrative remedies pursuant to 28 C.F.R. Part 542, but denies knowledge or information sufficient to form a belief as to the allegations in paragraph 48.

49. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 49.

50. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 50 and respectfully refers the Court to Exhibit 2 of the Complaint for a full and accurate statement of its contents.

51. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 51.

52. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 52.

53. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 53 and respectfully refers the Court to Exhibit 3 of the Complaint for a full and accurate statement of its contents.

54. Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 54.

55. Paragraph 55 sets forth legal conclusions to which no response is required. To the extent that any of the allegations may be deemed factual, Defendant denies knowledge or information sufficient to form a belief as to the allegations in paragraph 55

## CLAIMS FOR RELIEF

56. Paragraph 56 sets forth legal conclusions to which no response is required. To the extent that any of the allegations may be deemed factual, Defendant denies the allegations in paragraph 56.

57. Paragraph 57 sets forth legal conclusions to which no response is required. To the extent that any of the allegations may be deemed factual, Defendant denies the allegations in paragraph 57.

## RELIEF REQUESTED

The unnumbered paragraph in this section, and subparagraphs A, B and C, contain Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief sought or any relief.

## DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim for which relief can be granted.

### SECOND DEFENSE

Defendant did not violate Plaintiff's constitutional rights.

### THIRD DEFENSE

Defendant did not act with deliberate indifference to a substantial risk of serious harm or Plaintiff's serious medical needs.

### FOURTH DEFENSE

Defendant did not use excessive force.

### FIFTH DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff failed to exhaust his administrative remedies properly as required by applicable statutes and regulations.

### SIXTH DEFENSE

The Court lacks subject matter jurisdiction over some or all of the claims asserted in the complaint.

### SEVENTH DEFENSE

Plaintiff's recovery, if any, must be reduced pursuant to the collateral source statute. N.Y. C.P.L.R. § 4545(c).

### EIGHTH DEFENSE

Plaintiff's damages, if any, are due in whole or in part to the acts or omissions of others, known or unknown, over whom Defendant exercised no control.

### TENTH DEFENSE

Plaintiff's damages were not proximately caused by acts or omission attributable to Defendant.

ELEVENTH DEFENSE

Defendant enjoys qualified immunity for some or all of the claims in the Complaint.

Defendant may have additional defenses which are not known at this time but which may become known through discovery. Accordingly, Defendant reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

WHEREFORE Defendant prays that this Court order judgment dismissing the action against him, and award such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 26, 2014

        PREET BHARARA
        United States Attorney for the
        Southern District of New York

By: /s/ *Jacob M. Bergman*
     JACOB M. BERGMAN
     Assistant United States Attorney
     86 Chambers Street, Third Floor
     New York, New York 10007

To: Julio Montano
    901 Woodycrest Avenue
    Apt B1
    Bronx, NY 10451

**CERTIFICATE OF SERVICE**

       I, Jacob M. Bergman, Assistant United States Attorney for the Southern District of New York, hereby certify that on November 26, 2014, I caused a copy of the foregoing Answer to be served by first-class mail, postage pre-paid, on:

    Mr. Julio Montano
    901 Woodycrest Avenue
    Apt B1
    Bronx, NY 10451

Dated:  New York, New York
          November 26, 2014

                                                By:  /s/  *Jacob M. Bergman*
                                                          JACOB M. BERGMAN
                                                          Assistant United States Attorney